CHARLES ROE, APPELLANT, *v.* ANN E. ANGEVINE AND OTHERS, RESPONDENTS.

*Infant — General denial by — evidence which confesses and avoids allegations of complaint, not admissible under — Code,* § 149.

APPEAL from a judgment, entered upon the report of a referee in favor of the defendants.

This was an action for the foreclosure of a mortgage of $2,000 on premises in Brooklyn, with the accompanying bond of C. D. Conkling, for default in payment of interest, pursuant to its interest clause.

The mortgage was made pursuant to order of Special Term on the lands of three infants, Ann Elizabeth, Ida Francis and Phœbe Angevine, by their special guardian, now deceased, as directed by an order on petition and proceedings recited therein, and said bond likewise. The bond and mortgage were introduced in evidence, and also the petition of said infants, orders and reports thereon recited therein, and admitted.

The infants answered by guardian *ad litem;* answer set forth general denial, but alleged no ground of avoidance or affirmative defense. The referee allowed evidence by the infants, in avoidance of the confessed obligation of the bond and mortgage.

The court at General Term say : " The defense is not set up in the answer, and it consists of new matter, which confesses and avoids the cause of action. Such a defense cannot be given in evidence under a

general denial. (Code, § 149 ; 16 N. Y., 297 ; 30 id., 285 ; 38 id., 28.) The referee seems to have supposed that this provision of the Code did not apply to infants. But that was a mistake. The statute contains no exception, and, before the Code, infants were governed by the same rules of pleadings as adults. The court, it is true, always takes care that an infant shall not be prejudiced by a defective pleading or proceeding of any kind, by allowing amendments and correcting errors, where that can be done without injustice to others. Still it is, and always was, the duty of a guardian *ad litem* of an infant defendant, to ascertain the facts pertaining to the controversy intrusted to him, to determine whether they constituted a defense, and if so, to set it up at a proper time and in a proper manner. Any neglect of this duty is contrary to law, and cannot be sanctioned. (1 Dan. Ch. Pr., 163 ; *Knickerbacker* v. *De Freest*, 2 Paige, 304 ; Rule 62.) And the judgment should be reversed, the order of reference vacated, and a new trial granted, with costs to abide event."

*Robert Dodge*, for the appellant. *N. H. Clement*, guardian *ad litem*, for the respondents.

Opinion by GILBERT, J.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment reversed and new trial granted at Special Term, costs to abide event.